# SUPREME COURT OF APPEALS

*In re*: **T.P.**

**No. 17-0574** (Raleigh County 16-JA-125)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother N.F., by counsel Dennie S. Morgan, appeals the Circuit Court of Raleigh County's May 26, 2017, order terminating her parental rights to T.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Timothy P. Lupardus, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an extension of her post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the DHHR filed an amended abuse and neglect petition against petitioner due to her continued drug use during her pregnancy and when she gave birth to T.P. At the time the petition was filed, petitioner was still involved in abuse and neglect proceedings concerning an older child based on allegations of substance abuse and operating a methamphetamine laboratory in her home, among other allegations.[2] After giving birth to T.P., petitioner was observed by hospital staff trying to hide pain medication under her drinking cup. In November of 2016, the circuit court held a hearing at which petitioner stipulated to "the fact that she used controlled substances during the pregnancy to the detriment of [T.P.]'s health." During this hearing, petitioner voluntarily relinquished her parental rights to the older child. With regard to T.P., petitioner was adjudicated as an abusing parent and was granted a post-adjudicatory improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner voluntarily relinquished her parental rights to the older child in November of 2016. Petitioner did not appeal the order accepting her voluntary relinquishment of that child and raises no argument concerning that child in her appellate brief herein. As such, that child is not the subject of the current appeal.

In May of 2017, the circuit court held a dispositional hearing. The DHHR presented testimony that petitioner missed five drug screens in May of 2017, had several positive screens for multiple prohibited substances in April of 2017, and had positive screens and missed screens for every month, dating back to September of 2016. The CPS worker testified that petitioner's case plan goals were to successfully complete the outpatient Day Report Center program; find appropriate, safe, and stable housing; and to obtain employment or education services. The CPS worker further testified that petitioner failed to complete the Day Report Center program and failed to locate stable housing or employment/education services. The CPS worker also testified that she did not believe that petitioner had succeeded in completing any part of her case plan. The DHHR also presented testimony that petitioner missed two visits with the child and that she missed at least one parenting class. Petitioner testified that she was unable to find employment due to her homelessness and that she continued to use drugs. Petitioner moved for an extension of her post-adjudicatory improvement period and argued that she tried to comply with the terms and conditions of the improvement period. The circuit court denied her motion and terminated her parental rights in its May 26, 2017, order.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying her motion for an extension of her post-adjudicatory improvement period. In support of her argument, petitioner asserts that she substantially complied with her post-adjudicatory improvement period. She further argues that an extension of her improvement period would not substantially impair the ability of the DHHR to permanently place the child and would be in the best interest of the child. We disagree.

---

[3]In addition to petitioner's parental rights being terminated, the father of the child voluntarily relinquished his parental rights on May 23, 2017. According to the guardian and the DHHR, the child is placed in a foster home with a permanency plan of adoption in that home.

Pursuant to West Virginia Code § 49-4-610(6), a circuit court may extend an improvement period when

> the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

Here, the DHHR established that, throughout her improvement period, petitioner continued to abuse drugs. She also missed multiple drug screens and had positive screens every month from September of 2016 until the dispositional hearing. Further, she failed to satisfy conditions of her case plan by failing to complete the Day Report Center program, or to find stable housing and employment/education services. Therefore, petitioner did not substantially comply with her post-adjudicatory improvement period. Due to her failure to comply with her case plan and her continued use of drugs, an extension of petitioner's post-adjudicatory improvement period would not have been consistent with the best interest of the child. Based on this evidence, the circuit court did not err in denying petitioner's motion for an extension of her post-adjudicatory improvement period.

Next, petitioner argues that the circuit court erred in terminating her parental rights. Petitioner asserts that because she substantially complied with her post-adjudicatory improvement period, she should have been granted an extension to her post-adjudicatory improvement period, and her parental rights should not have been terminated. Petitioner argues that she would have "substantially corrected all of her issues if she had been able to attend in-patient drug treatment[.]" As discussed above, petitioner failed to substantially comply with her post-adjudicatory improvement period. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. As discussed above, petitioner missed multiple drug screens from September of 2016 until the dispositional hearing in May of 2017 and tested positive for multiple prohibited substances on several screens. Further, she failed to comply with her case plan and did not secure housing or employment/education services. Moreover, it is clear that termination was necessary for the child's welfare, given that petitioner failed to correct the conditions of abuse and neglect. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 26, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4